IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PRECIOUS JEFFERSON, LEONARD L. JEFFERSON, SR., FELICIA V. ESPINOZA f/k/a FELICIA V. JEFFERSON, and BIG HORN COUNTY, a political subdivision of the State of Montana,<br><br>Defendants. | CV 16-130-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Presently before the Court is Plaintiff United States of America's Motion for Entry of Judgment, Decree of Foreclosure and Order of Sale. (Doc. 21.) Upon consideration of the pleadings filed herein, it appears there is no issue of material fact, and the Court now makes the following Findings of Fact and Conclusions of Law and **RECOMMENDS** that Plaintiff's Motion be **GRANTED**.

## I. FINDINGS OF FACT

1. This court has jurisdiction of this action for the reason that the United States of America is the party Plaintiff under 28 U.S.C. § 1345. The real property

1

that is subject to this foreclosure action is located in Big Horn County, and more particularly described as follows:

> Lot 3 of Block 2 of the Converse Subdivision in the City of Hardin, Montana, according to the recorded plat thereof.

2.    The United States loaned Leonard L. Jefferson, Sr. and Felicia V. Espinoza f/k/a/ Felicia V. Jefferson the sum of $55,000.00 in the form of a Section 502 Rural Housing loan.   The loan is evidenced by a promissory note in the amount of $55,000.00, dated July 3, 1997.   A true and correct copy of the promissory note is attached to the Complaint as Exhibit A.   (Doc. 1-1.)

3.    As security for the above described loan Leonard L. Jefferson, Sr. and Felicia V. Espinoza f/k/a/ Felicia V. Jefferson executed a real estate mortgage on July 3, 1997, providing the United States a security interest in the real property described above.   The mortgage was filed for record with the Clerk and Recorder of Big Horn County on August 26, 1997, as document number 315550.   A true and correct copy of the mortgage is attached as to the Complaint as Exhibit B. (Doc. 1-2.)

4.    On February 15, 2010, Precious Jefferson assumed the note and the mortgage associated with her assumption agreement originally granted by Leonard L. Jefferson, Sr. and Felicia V. Espinoza f/k/a Felicia V. Jefferson.   A true and correct copy of this assumption agreement is attached to the Complaint as Exhibit C.   (Doc. 1-3.)

5.      Defendant, Precious Jefferson, is in default under the terms of the promissory note and assumption agreement described above due to failure to make timely payments of principal and interest as agreed.   The account was accelerated on December 10, 2015.

6.      Defendant, Precious Jefferson, is indebted to the Plaintiff for the loan outlined above in the principal amount of $43,498.73, plus interest computed at the daily rate of $9.0637 per day for the accrued total amount of $2,039.04, plus fees in the amount of $2,623.86 ($25.02 fees required with payoff, $2,131.84 fees currently assessed, $467.00 fees not assessed yet and late charges $49.14), for a combined total of $48,210.77 as of April 1, 2016.   In addition, if the value of the real property exceeds the principal and accrued interest ($48,210.77), the Rural Housing Service is entitled to repayment of the interest credit subsidy pursuant to the repayment agreement dated March 18, 1999 and December 1, 2009 attached to the Complaint as Exhibit D.   (Doc. 1-4.)   The interest subject to recapture will be $27,420.59, making a total of $75,631.36 due and owing.   Interest continues to accrue from April 1, 2016, at the rate of $9.0637 per day until the date of entry of judgment.   A true and correct copy of the Affidavit of Kimberly Maines of Rural Housing Service is attached to the Complaint as Exhibit E, which verifies the amounts due.   (Doc. 1-5.)   This amount does not reflect the insurance proceeds that are currently being held by Rural Housing.   Plaintiff seeks post-judgment interest pursuant to 28 U.S.C. § 1961.

7. Defendants Leonard L. Jefferson, Sr. and Felicia V. Espinoza f/k/a Felicia V. Jefferson may have an interest in the real property subordinate to the mortgages held by the United States. Defendant, Leonard L. Jefferson, Sr., and Felicia V. Espinoza f/k/a Felicia V. Jefferson, have been released from personal liability on the loan. However, the United States has not released the mortgage. The United States is not seeking any personal money judgment as to Leonard L. Jefferson, Sr., and Felicia V. Espinoza f/k/a Felicia V. Jefferson, but seeks to foreclose any interest they may have to the real property described above.

8. The home Precious Jefferson purchased, and that served as security for the loan, was damaged by fire on September 18, 2015. As a result of the fire, the insurance company issued a check, dated October 8, 2015, to "USDA/rural development and Precious Jefferson," in the amount of $28,747.68. The agency has cashed this check and is holding the insurance funds in the borrower's account, but the monies have not been applied to her account and thus the attached statement of account (which shows a total unpaid balance of $75,631.36, with $43,498.73 in unpaid principal) does not take in account the insurance proceeds. These insurance proceeds should be applied to the debt owed to the United States and then credited to reduce the amount owed in paragraph 6 above.

9. Defendant Precious Jefferson, executed a Waiver of Service of Summons it was filed with the Court on November 11, 2016. (Doc. 16.)

Defendant Precious Jefferson did not make an appearance. Her default was entered on January 19, 2017. (Doc. 20.)

10. Defendant Leonard L. Jefferson, Sr., was personally served by the United States Marshal's office with a copy of the Summons and Complaint. (Doc. 15.) Defendant Leonard L. Jefferson, Sr., did not make an appearance. His default was entered on January 19, 2017. (Doc. 20.)

11. Defendant Felicia V. Espinoza f/k/a Felicia V. Jefferson, was personally served by the United States Marshal's office with a copy of the Summons and Complaint. (Doc. 11.) Defendant Felicia V. Espinoza f/k/a Felicia V. Jefferson did not make an appearance. Her default was entered on January 19, 2017. (Doc. 20.)

12. Lance Pedersen, counsel for Big Horn County, executed a Waiver of Service of Summons; it was filed with the Court on September 29, 2016. (Doc. 8.) On September 29, 2016, Defendant Big Horn County, filed a stipulation with the United States consenting to entry of judgment, decree of foreclosure, and order of sale. It was further stipulated that any judgment shall recognize the priority of the principal amount of any real property taxes owed or to be assessed against the property that is subject of the foreclosure to the date of sale. (Doc. 9.)

## II. CONCLUSION OF LAW

13. Big Horn County, Montana has priority for the principal amount of any assessed taxes to the date of sale.

14. Plaintiff, United States of America, is entitled to foreclosure judgment against Defendant, Precious Jefferson, in the principal amount of $43,498.73, plus interest computed at the daily rate of $9.0637 for the accrued total amount of $4,921.30 as of February 15, 2017, plus fees in the amount of $2,623.86 ($25.02 fees required with payoff, $2,131.84 fees currently assessed, $467.00 fees not yet assessed and late charges $49.14), for a combined total of $51,043.89 as of February 15, 2017.  In addition, if the value of the real property exceeds the principal and accrued interest ($48,210.77), the Rural Housing Service is entitled to repayment of the interest credit subsidy pursuant to the repayment agreement dated March 18, 1999 and December 1, 2009.  The interest subject to recapture will be $27,420.59, making a total of $78,464.48 due and owing.  In addition, the insurance proceeds in the amount of $28,747.68 which are currently held by UDSA/rural housing be applied to the borrower's account, thus leaving a balance of $49,716.80 due and owing as of February 15, 2017.  Interest continues to accrue from April 1, 2016, at the rate of $9.0637 per day until the date of entry of judgment.  Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. 1961.

15. Plaintiff United States is in a superior lien position to any claim to the real property as to Precious Jefferson, Leonard Jefferson, Sr., and Felicia Espinoza f/k/a Felicia Jefferson.

/ / /

### III. CONCLUSION

Wherefore, based upon the forgoing Findings of Fact and Conclusions of Law,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Entry of Judgment, Decree of Foreclosure and Order of Sale be entered as follows:

1. Plaintiff, United States of America, have judgment for foreclosure against the real property described in paragraph 1 above, owned by Defendant, Precious Jefferson, in the in the principal amount of $43,498.73, plus interest computed at the daily rate of $9.0637 per day for the accrued total amount of $4,921.30, plus fees in the amount of $2,623.86 ($25.02 fees required with payoff, $2,131.84 fees currently assessed, $467.00 fees not assessed yet and late charges $49.14), for a combined total of $51,043.89 as of February 15, 2017. In addition, if the value of the real property exceeds the principal and accrued interest ($48,210.77), the Rural Housing Service is entitled to repayment of the interest credit subsidy pursuant to the repayment agreement dated March 18, 1999 and December 1, 2009. The interest subject to recapture will be $27,420.59, making a total of $78,464.48 due and owing. In addition, the insurance proceeds in the amount of $28,747.68 which are currently held by UDSA/rural housing be applied to the borrower's account, thus leaving a balance of $49,716.80 due and owing as of February 15, 2017. Interest continues to accrue from February 15, 2017, at the

rate of $9.0637 per day until the date of entry of judgment. Plaintiff seeks post-judgment interest pursuant to 28 U.S.C. § 1961.

    2.    Each and all the material allegations contained in the Plaintiff's Complaint are true and correct.

    3.    The real property located in Big Horn County, Montana, together with all improvements, tenements, rights, privileges, and appurtenances, be foreclosed and ordered sold at public auction by the U.S. Marshal for the District of Montana in the manner provided by law and according to the course and practice of this Court. The real property is located in Big Horn County, Montana, and described as follows:

> Lot 3 of Block 2 of the Converse Subdivision in the City of Hardin, Montana, according to the recorded plat thereof.

    4.    The real property be sold with the right of redemption as provided in Mont. Code Ann. 25-13-801 through 25-13-825 (1997).

    5.    The real property be sold in one unit.

    6.    If the Plaintiff is the purchaser at the sale of the real property, payment to the U.S. Marshal need not be in cash, but be in the form of suitable documentary evidence as a debit against the judgment.

    7.    The U.S. Marshal be required to provide a Certificate of Sale to the purchaser at the time of sale of the real property. The purchaser be entitled to a deed to the premises at the expiration of one year from the date of the sale, unless the premises are previously redeemed as provided by law.

8.      In the event the Plaintiff is the purchaser at the sale and possession of the premises is not surrendered to the Plaintiff upon issuance of a Marshal's deed, a writ of assistance be issued directing the United States Marshal to deliver possession of the premises to the Plaintiff.

9.      That if monies from the sale are insufficient to pay the amounts due to the Plaintiff, the expenses of sale, and the costs, the Plaintiff have a deficiency judgment against Precious Jefferson.

10.     The U.S. Marshal for the District of Montana, out of the proceeds of the sale, shall be entitled to retain his fee, disbursements, and expenses of the sale, and the U.S. Marshal shall pay the principal amount of any real property taxes owing to Big Horn County, and apply remaining proceeds to the Plaintiff to be applied to the judgment owed.   If excess proceeds exist, they shall be paid to the Clerk of Court pending further order of the Court for distribution.

11.     The Defendant, and any heirs or devisees of defendants, known or unknown, and any and all persons claiming under them, and all persons having liens subsequent and inferior to the lien of the Plaintiff's mortgage, either by mortgage, judgment, or decree, upon the real property described in the mortgage subject of this foreclosure, and their personal representatives and all persons claiming to have acquired any estate or interest in the premises, subsequent to the filing of this action, be forever barred and foreclosed of and from all equity of

redemption and claim to the mortgage or premises, and every part or parcel thereof, from and after the delivery of the U.S. Marshal's Deed.

  12. All or any of the parties to this action be entitled to purchase at the sale.  If Plaintiff purchases at the sale, then the rents, issues, and profits arising or in any manner accruing to or from the premises, be due and payable to the Plaintiff.

13. For such further relief as this Court may deem just and appropriate.

  **NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

  **IT IS ORDERED**.

DATED this 31st day of March, 2017.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge